■ ISABELLE PASSIOTTI et al., Appellants, v HARRY ZELLMAN, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered May 9, 1986, which is in favor of the defendant and against them, upon a jury verdict.

Ordered that the judgment is affirmed, with costs.

The plaintiff Isabelle Passiotti was injured in an automobile accident involving a car driven by her and a car driven by the defendant. As a result of this accident, Mrs. Passiotti experienced pain in her neck and left arm and hand. She testified that these injuries, and resultant pain, prevented her from performing her customary activities from the time of accident until trial. The crucial issue at trial was whether Mrs. Passiotti suffered a "serious injury" within the purview of Insurance Law § 5102 (d). The jury found that her injuries did not meet the threshold.

Faced with conflicting testimony as to the nature of Mrs. Passiotti's injuries, the jury was presented with a clear question of fact as to whether the injuries met the threshold for noneconomic loss within the purview of Insurance Law § 5102 (d). Inasmuch as the jury's finding, i.e., that Mrs. Passiotti did not sustain a serious injury, was supported by a fair interpretation of the evidence, we conclude that the trial court properly denied the plaintiffs' motion for a new trial (see, Cohen v Hallmark Cards, 45 NY2d 493; Coho v McNeil Constr. Co., 122 AD2d 103; Nicastro v Park, 113 AD2d 129). We have examined the plaintiffs' contention regarding the charge and find it to be unpreserved for appellate review and, in any event, without merit. Furthermore, we see no merit to the plaintiffs' contention regarding the jury's apportionment of comparative fault. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.